PER CURIAM.
The plaintiff, Ronald Rusich, was injured while doing painting and repair work on the property of the defendant, Arthur Ton-smeire. On December 7,1987, Rusich sued Tonsmeire, and on January 25, 1988, Ton-smeire filed an answer denying the allegations of the complaint.
*11 With his answer, Tonsmeire filed interrogatories to Rusich and a request for production of documents. Rusich filed a motion for a continuance of the trial of the case on April 14, 1988, and his lawyer filed a motion to withdraw on April 22, 1988. On April 27, 1988, Tonsmeire filed a motion to compel Rusich to respond to the interrogatories and the request for production of documents. This motion was granted on May 30, 1988, and Rusich was given 30 days to comply with the court’s order.
On June 9,1988, the trial court dismissed Rusich’s suit for want of prosecution. Ru-sich filed an appeal with this Court, but the cause was remanded to the trial court to correct a procedural deficiency in the judgment. On October 24, 1988, the trial court entered a new judgment:
“ORDER DISMISSING CASE FOR WANT OF PROSECUTION AND FAILURE TO RESPOND TO DISCOVERY
“This matter having been presented to the court on remand from the Alabama Supreme Court by Order of October 5, 1988, directing this court to determine whether or not it should enter a judgment, and this court having considered the same, this court enters the following Order:
“1. This case came on for trial on June 9, 1988. The Plaintiff’s attorney had filed a Motion to Withdraw as attorney for the Plaintiff on April 22, 1988, said motion being granted on May 5, 1988;
“2. The Plaintiff had failed to respond to outstanding discovery from the Defendant on the date of the trial and no one appeared on the Plaintiff’s behalf at the date of the trial;
“3. This court had been informed by the Plaintiff’s attorney at the time of his withdrawal that the Plaintiff had been notified of the June 9, 1988, trial setting; and
“4. The entry on the docket sheet of June 9 dismissing the case was not initialed by the court but it was the court’s order. Pursuant to such order it is therefore:
“ORDERED, ADJUDGED, and DECREED that this action is hereby dismissed for want of prosecution on this 24th day of October, 1988.”
We agree with the reasoning and conclusion of the trial judge and adopt his opinion as the opinion of this Court. Therefore, the judgment appealed from is affirmed.
AFFIRMED.
MADDOX, JONES, ALMON, SHORES, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.
HORNSBY, C.J., not sitting.